UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN LEE FOX,

                        Plaintiff,

      v.

TY TRENARY,

                        Defendant.

Case No. C15-388 RSL-BAT

**REPORT AND
RECOMMENDATION**

      In this 42 U.S.C. § 1983 civil-rights action, Plaintiff John Lee Fox, proceeding pro se and *in forma pauperis,* sues Ty Trenary, Sheriff of the Snohomish County Jail (SCJ).  Defendant Trenary moves for dismissal of the complaint as Mr. Fox has made no claim that Sheriff Trenary personally participated in any alleged violation of his constitutional rights.  Dkt. 24.  The Court recommends that Defendant's motion be granted and this matter be dismissed with prejudice.

### STATEMENT OF MATERIAL FACTS

      Mr. Fox alleges in his complaint:

>       Prior to my arrival at SCJ the Public Defender warranted that SCJ would make allowance for my macrobiotic diet and assured me that I would receive my MD prescribed medication.  Since I have been here I have received NO sustence [sic] of any kind that was edible.  I am lactose intollerant [sic] (so I can't eat milk, cheese etc.)  I am allergic to peanuts and cannot digest potatoes, white flour products as they impact by bowels and I just recently in January had a right

REPORT AND RECOMMENDATION - 1

inguinal hernia operation.  I am also a vegetarian that does not eat sugar, syrup or other preservative-ridden products.  As of today, my (12th) twelth [sic] day of incarceration, I have received no sustenance – and is the reason that this diatribe is barely cogent.  Also when I arrived SCJ medical refused to give me Tramadol pain medication even though I brought the Rx in with me.   Then SCJ decided to give me tramadol after talking to one of there [sic] glorified nurses and I received it for 7 days when it was terminated and I still am without medication. Yesterday I petioned [sic]SCJ to have my Tramadol taken from my property and delivered to the SCJ medical so that I could receive my MD prescribed tramadol mediation. Also an unknown sgt. Here threatened me [illegible] an infraction (a threat) if I persisted in sending appropriate [illegible] kites to appropriate parts, (medical) As of 3-10-15 I have received no edible food for 15 days and improper medication, Even though the SCJ had copies of all my prescribed medication.

Dkt. 20, p. 3.  Mr. Fox seeks $10 million in damages, immediate release from jail, and the criminal prosecution and/or termination of unidentified "medical techs and others."  *Id.*, p. 4.

Mr. Fox was released from the SCJ on March 20, 2015.  Dkt. 5.  Mr. Fox was incarcerated at the Snohomish County Jail (SCJ) for approximately twenty days and filed this suit prior to his release.  Dkt. 1.  His release from prison moots any claim for injunctive relief. *Cano v. Taylor,* 739 F.3d 1214, 17 (9th Cir. 2014).  Additionally, because Mr. Fox was a prisoner at the time he filed this lawsuit, he was required to exhaust his administrative remedies prior to filing this lawsuit.  42 U.S.C. § 1997e ( "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")  There is no evidence that he has done so.

Mr. Fox states he did not file a grievance at the SCJ because there is no grievance procedure at the SCJ.  Dkt. 20, p. 2.  However, summary judgment evidence shows that a grievance procedure did exist and that Mr. Fox would have been aware of its existence.

Documents attached to Mr. Fox's response indicate that he submitted multiple kites directed to the sergeant and sheriff relating to his complaints of inedible meals and receiving his

REPORT AND RECOMMENDATION - 2

1   prescribed medication.  Dkt. 27, pp. 15-24.  On at least one occasion, Mr. Fox was advised to

2   send a kite to medical for further evaluation of his medical and/or dietary needs.  *Id.*, p. 15.

3   There is no evidence that he followed this recommendation.  There is one kite addressed to

4   medical services but in it, Mr. Fox merely complained about his breakfast.  He was advised that

5   "medical does not make diets."  Mr. Fox also sent a kite to food services but was advised that the

6   kitchen cannot approve medical diet changes.  Dkt. 27, pp. 21, 24.  Although Mr. Fox sent many

7   kites and complained that for medical or other reasons, he was unable to consume the food

8   provided to him, there is no evidence that he requested (or was denied) a medical evaluation so

9   that legitimate dietary needs could be addressed.

10          Responses to Mr. Fox's kites also indicate that he was receiving Tramadol and a

11  vegetarian diet as requested.  *Id,*, pp. 16, 19.  Another response advised him to file a grievance.

12  *Id.*, p. 20.  He did not do so.  In a kite dated March 15, 2015, Mr. Fox stated "I have copied you

13  on many of my kites – are you getting my kites or are they being intercepted?"  He was advised

14  "All kites are forwarded."  *Id.*, p. 16.

15          According to Captain Daniel Stites, a supervisor at the SCJ, an inmate may submit a

16  written "kite" requesting medical or other services.  Kites are answered by the module deputy or

17  routed to the appropriate person.  Medical kites concerning inmate medical issues are placed in a

18  separate locked box to be reviewed by staff from the SCJ medical unit for appropriate action and

19  are in the inmate's medical records.  Dkt. 29, Declaration of Daniel Stites, pp. 1-2.  Kites are not

20  forwarded to Sheriff Trenary even if the kites are addressed to him.  The sheriff has no

21  knowledge of the existence of individual kites and no role in addressing concerns raised by

22  inmate kites, as those responsibilities are delegated to others within SCJ.  *Id.*

23          If an inmate has complaints about facility conditions or actions by staff members which

the inmate has been unable to resolve informally with staff, the inmate may file a written grievance on a form provided by SCJ.  The grievance goes to a first line supervisor for a decision and an inmate may appeal that decision to either a major or the Bureau Chief of SCJ. The decision by either a major or the Bureau Chief is a final decision.  Grievances are not forwarded to Sheriff Trenary and the Sheriff has no role in addressing concerns raised by inmate grievances.  Dkt. 29, Stites Decl., p. 3.

The kite procedure, information regarding meals, and grievance procedures are all explained in the SCJ's Inmate Orientation  Handbook  ("Handbook"), which is given to each inmate at booking.  Each inmate must acknowledge receipt of the Handbook and that they have read it.  Dkt. 29, Stites Declaration, p. 2 and Exhibit A.

Mr. Fox's complaint makes no mention of Sheriff Trenary (other than to include him as a defendant).  Dkt. 20.  In his declaration, Sheriff Trenary states that he has no personal knowledge of the events described in Mr. Fox's complaint.  Dkt. 25, Declaration of Ty Trenary, ¶ 2.

## DISCUSSION

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  "If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial."  *Leisek v. Brightwood Corp*., 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts

showing that there exists a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).   While the Court may not grant a motion for summary judgment simply because the nonmoving party failed to respond, it may grant the motion on the merits "on any ground supported by the record."  *See Heinemann v. Satterburg*, 731 F.3d 914 (9th Cir. 2013).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  Sweeping conclusory allegations against an official are insufficient to state a claim for relief.  The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986).  To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations and quotation marks omitted).

Mr. Fox has failed to allege facts to support a claim against Sheriff Trenary.  Mr. Fox contends that Defendant Trenary was made aware of his medical and dietary needs prior to his

1    incarceration because Mr. Fox's attorney told him that she had received assurances from

2    "Defendant and his staff to that effect." *Id.*, p. 4.  However, this unsworn hearsay evidence is not

3    competent summary judgment proof nor is it proof that Sheriff Trenary was aware of and was

4    deliberately indifferent to any serious medical needs of Mr. Fox.  As previously noted, Sheriff

5    Trenary swears that he had no knowledge of Mr. Fox's complaints.  Dkt. 25, Trenary Decl., p. 1.

6         In his sworn declaration, Captain Daniel Stites, states that kites and grievances are not

7    forwarded to Sheriff Trenary even if the kites are addressed to the sheriff because the

8    responsibility of addressing concerns raised in inmate kites have been delegated to others.  Dkt.

9    29, pp. 2-3.  Moreover, the record indicates that Mr. Fox, along with all other inmates, would

10   have received an orientation handbook when he was booked into the SCJ explaining the kite and

11   grievance procedures.  *Id.*, p. 3.  Mr. Fox provides no competent summary judgment evidence to

12   the contrary and his contention that there is no grievance procedure at the SCJ is not tenable.

13        Mr. Fox complains that he did not receive the motion for summary judgment in a timely

14   manner and accuses Defendant's counsel of acting in bad faith, attempting to perpetrate a fraud

15   on the court, and having actively suborned perjury in a previous unidentified action.  Dkt. 27, p.

16   1.  He provides no proof for these very serious allegations.  He also claims he needs time for

17   discovery to oppose Defendant's motion for summary judgment, but provides no affidavit or

18   declaration setting out specific facts he hopes to discover if granted a continuance that will raise

19   a genuine issue of material fact.

20        Mr. Fox also states that he needs to amend his complaint, but he has not previously

21   motioned the court to do so.  Additionally, he identifies only additional causes of action he

22   wishes to plead and not any additional defendants whom he wishes to join.  Dkt. 27, pp. 2-3.

23   Thus, allowing Mr. Fox to amend his Complaint will not cure the deficiency identified in

Defendant Trenary's motion for summary judgment, i.e., that Mr. Fox has named a sole defendant who is not liable under a § 1983 claim based upon a theory of either direct liability – i.e., that Sheriff Trenary personally participated in any constitutional violation – or supervisory liability – i.e., that Sheriff Trenary promulgated a policy that is so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of any constitutional violation. Accordingly, Defendant Trenary is entitled to summary judgment.

### CONCLUSION

The Court recommends that Defendant's motion for summary judgment (Dkt. 24) be **GRANTED** and Plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

Any objections to this Recommendation must be filed and served upon all parties no later than **Wednesday, January 20, 2016.**  The Clerk should note the matter for **Friday, January 22, 2016,** as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to appeal.

DATED this  30th   day of December, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7